IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:12-cr-00320-N-14 |
| | § | |
| MARIA LILIA VILLA, | § | |
| #45240-177 | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Defendant Maria Lilia Villa's (1) motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A), (2) motions for court-appointed counsel, and (3) motion for an order directing the Government to procure Villa's post-rehabilitation documents in support of a 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Docs. 766, 767, 771, 778. For the following reasons, Villas' motions are **denied.**

**Background**

In October 2012, Villa pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of methamphetamine and, in July 2014, she was sentenced at the bottom of the guideline range to 292 months' imprisonment and a five-year term of supervised release. Doc. 591. Her projected release date is August 10, 2032. https://www.bop.gov/inmateloc (search for Maria Villa; last visited February 26, 2025).

On April 24, 2024—after the Court denied her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821—Villa filed her latest motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 771; *see also* Doc. 755, *aff'd United States v. Villa*, No. 24-10013 (5th Cir. Feb. 21, 2025) (denying Villa's motion for sentence reduction under § 3582(c)(2) and Amendment 821). She also seeks court-appointed counsel to assist her in

obtaining a sentence reduction. Docs. 766, 771, 778. Finally, she seeks an order directing the Government to procure her "post-rehabilitation" documents in support of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Doc. 767.

**Analysis**

A.  <u>Villa is not entitled to a compassionate release.</u>

"[F]ederal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 54 U.S. 522, 526 (2011) (internal quotation marks omitted). The rule of finality, however, is subject to a few "narrow exceptions." *Id.* Relevant here, a court can modify a sentence by granting a motion for a sentence reduction, or compassionate release, under 18 U.S.C. § 3582(c)(1)(A), or a motion for sentence reduction based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

Compassionate release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(ii). Either the Director of the Bureau of Prisons ("BOP") or the defendant can file a compassionate release motion. Under this section, the court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(ii). "The standard for relief is exacting." *United States v. Maria Guadalupe Mendoza Villegas*, 4:13-CR-200-SDJ, 2025 WL 350229, at *2 (E.D. Tex. Jan. 30, 2025). The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (unpublished).[1]

---

[1] Additionally, before seeking relief from the court, a defendant must submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the

Congress did not define "extraordinary and compelling reasons," instead delegating the authority to do so to the Sentencing Commission. *See* 28 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). In doing so, Congress "provided just one restriction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

Under this authority, the Sentencing Commission promulgated U.S.S.G. § 1B1.13, which in its current form, lists six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)-(6). "This section binds district courts because Section 3582 requires sentence reductions to be 'consistent with applicable policy statements issued by the Sentencing Commission[.]'" *Villegas*, 2025 WL 350229, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "And the 2023 amendments made clear that U.S.S.G. § 1B1.13 applies to motions filed by either 'the Director of the [BOP] or the defendant.'" *Id.* (citing U.S.S.G. § 1B1.13(a); *United States v. Jean*, 108 F.4th 275, 290 (5th Cir. 2024), *abrogated on other grounds by United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2025)).

The Fifth Circuit has added that its understanding of "extraordinary" means "beyond or

---

lapse of 30 days after the warden received the request. *See* 18 U.S.C. § 3582(c)(1)(A). But here, because the Government has not filed a response raising exhaustion, the Court assumes that Villa exhausted her compassionate release claims.

out of the common order," "remarkable," and "synonymous with 'singular.'" *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) (citations omitted). It explained that prisoners "can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.* The *Escajeda* court also confirmed that a prisoner cannot use a compassionate release motion to challenge the legality or duration of his sentence—such arguments must be raised through a direct appeal or a motion for collateral relief under 28 U.S.C. § 2255. *Id.* at 187.

Finally, even if the defendant shows extraordinary and compelling circumstances, he still must show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the § 3553(a) factors also favor release.

Here, Villa claims that the following combination of circumstances, considered collectively, amount to an extraordinary and compelling reason for compassionate release under § 1B1.13(5): (1) Villa's medical conditions, including high blood pressure, obesity, severe anemia, and high cholesterol; (2) the "draconian" nature of Villa's sentence in light of recent reforms that would have resulted in a "significantly reduced" sentence if they had been available at her sentencing, and in light of the lower sentences that her co-defendants and other methamphetamine defendants have received; (3) the disparity in sentencing between actual methamphetamine and methamphetamine mixtures; (4) Villa's status as a deportable alien; and (5) Villa's rehabilitation efforts. Doc. 771 at 4-21.

These circumstances, considered individually or collectively, do not warrant a sentence reduction. First, the Court, in denying Villa's prior motion for a compassionate release, found that her medical conditions did not amount to an extraordinary and compelling circumstance for release. *See* Doc. 744 at 2. Villa presents nothing here to rebut that finding. She alleges in

4

conclusory fashion that the prison is not providing sufficient medical care. Doc. 771 at 11. But such conclusory assertions—without any specific facts or medical records in support—are not enough to show an extraordinary and compelling circumstance. *See*, *e.g.*, *United States v. Barton*, 2020 WL 6749161, at *4 (W.D. La. Nov. 17, 2020) (denying compassionate release motion when the defendant "presented only conclusory allegations and insufficient medical documentation relating to" his medical conditions, and noting that there was no record evidence about the severity of the conditions or the extent to which such conditions impaired the defendant's ability to care for himself).

Next, Villa claims that a compassionate release is warranted under U.S.S.G. § 1B1.13(b)(6) because of non-retroactive changes in the law since she was sentenced. Section 1B1.13(b)(6) provides that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manal that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Villa alleges that, were she sentenced today, she would receive a shorter sentence because of the First Step Act of 2018's expansion of the safety valve under 18 U.S.C. § 3553(f), and because of Fast Track programs in U.S.S.G. § 5K3.1. Doc. 771 at 18-19.

Villa is not entitled to a sentence reduction because of a change in law. Villa is still not qualified for § 3553(f)'s safety valve even after the FSA's amendments to that provision because she was found to be an "organizer, leader, manage, or supervisor of others in the offense." *See* 18 U.S.C. § 3553(f)(4); Doc. 227-1 at 10 ¶44.

As for U.S.S.G. § 5K3.1, which allows the court to depart downward not more than four levels pursuant to authorized early disposition programs, Villa identifies no change in the law. She says that "recent legal precedents and the evolving application of Fast Track principles, particularly in drug-related offenses, provide a compelling basis for reconsidering her sentence." Crim. Doc. 771 at 18. But she does not identify the legal precedent or other change in law that she is referencing.

Villa fails to show an extraordinary and compelling basis for a sentence reduction under § 1B1.13(b)(6).

Next, Villa asserts that her sentence is "draconian" in light of "reforms like the safety valve and fast-track programs" and the fact that nearly all of her co-defendants have been released by now, "which emphasizes the excessive duration of her remaining sentence." Doc. 771 at 5.

The Court cannot agree. As discussed, Villa has identified no change in law that would have resulted in a lower sentence if she was sentenced today. Further, that Villa received a different sentence than her co-defendants is not extraordinary or compelling. The Court imposed a 292-month sentence—at the bottom of the guideline range—after considering the guidelines and the § 3553 sentencing factors in relation to Villa. Each co-defendant's sentence was based on the application of the guidelines and sentencing factors to his or her own circumstances and role in the offense. Other co-defendants received sentences like Villa's. *See*, e.g., Doc. 457 (judgment sentencing co-defendant Jack O'Neil Hargrove to 324 months' imprisonment); Doc. 556 (judgment sentencing Jorge Rodriguez-Zamora to 292 months' imprisonment).

Villa also references national statistics for methamphetamine offenses, alleging that "the distribution of their sentences is notably less severe than Villa's." Doc. 771 at 14. But these

6

statistics mean nothing without context and a showing that the offenders were similarly situated to Villa. She does not make that showing. Again, the Court here imposed a bottom-of-the-guidelines sentence after considering Villa's circumstances and the sentencing factors. There is nothing extraordinary or compelling about that.

Finally, to the extent that Villa argues that her sentence violates the Equal Protection Clause of the Fourteenth Amendment, she must present such a claim in a 28 U.S.C. § 2255 motion—not a motion for compassionate release. See *Escajeda*, 58 F.4th at 187.

Next, Villa argues that the disparity between pure methamphetamine and methamphetamine mixtures for sentencing purposes is unjust and an extraordinary and compelling circumstance warranting a compassionate release. She notes that she was held accountable for pure, or actual methamphetamine, which she claims resulted in a higher base level offense and stiffer sentence.

The Court cannot agree that Villa would have had a lower base level offense had she trafficked a methamphetamine mixture. She was held accountable for 167.6 kilograms of actual methamphetamine. Doc. 227-1 at 10, ¶38. That amount of methamphetamine warrants a base offense level of 38, regardless of whether it is actual or a mixture. *See* U.S.S.G. § 2D1.1(c)(1); Doc. 227-1 at 10, ¶38.

At any rate, as other courts have noted in dismissing similar arguments, even if the actual-versus-mixed distinction made a difference to Villa's sentence,

> [T]he guideline's purity distinction does not constitute an extraordinary and compelling reason for a sentence reduction. The law has not changed, and [Villa's] sentence would be the same today under the current guidelines. Further, the application of this guideline to [Villa] was foreseeable at the time of sentencing. In other words, the guidelines distinction is not some extraordinarily severe exigency, was not unforeseeable when [Villa] was sentenced, and is not something unique to [Villa].

*United States v. Stewart*, 2024 WL 32777380, at *3 (W.D. La. July 1, 2024) (citing *United States v. Hall*, 2023 WL 3366547, at *3 (W.D. La. May 10, 2023)). Villa is not entitled to compassionate release on the argument that the guidelines distinction between actual methamphetamine and methamphetamine mixtures is unjust.

Next, Villa argues that her status as a deportable alien is an extraordinary and compelling circumstance. She claims that her status as a deportable alien could "lead to objectively harsher prison conditions than those faced by other inmates," including ineligibility for certain rehabilitative programs and "possible exclusion from minimum security settings and community corrections facilities." Doc. 771 at 20.

But the conditions that Villa references—which are described only as potentialities— would apply to most if not all non-citizens facing deportation after a prison sentence. They are not unique to Villa and not extraordinary and compelling in this Circuit under *Escajeda*. *See also United States v. Calderon*, 2025 WL 510338, at *5 (N.D. Tex. Feb. 13, 2025) (rejecting similar argument); *United States v. Anaya-Gonzalez*, Crim. No. 4942381, 2024 WL 4942381, at *3 (N.D. Tex. Dec. 2, 2024) ("Fourth, the fact that Anaya might be deported after his sentence does not independently warrant compassionate release.").

Finally, Villa points to her rehabilitation efforts. But under U.S.C. § 994(t), rehabilitation of the defendant, is not, by itself, an extraordinary and compelling reason for a sentence reduction. *See also United States v. Handlon*, NO. 23-50386, 2024 WL 111787, at *1 (5th Cir. Jan. 10, 2024) (unpublished) (noting that "rehabilitation efforts alone are not an extraordinary and compelling reason"). As explained, Villa has presented no other valid circumstances that warrant a sentence reduction, so her rehabilitation efforts, while laudable, are not alone sufficient to warrant a sentence reduction.

In sum, Villa fails to show an extraordinary and compelling reason for a compassionate release under 18 U.S.C. § 3582(c)(1)(A).

But even if Villa could establish an extraordinary and compelling reason for release, the sentencing factors do not favor it. Villa has failed to show how releasing her before she serves the full term of her sentence would align with the statutory sentencing factors—notably, the seriousness of her offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the need to deter others from similar criminal activity. 18 U.S.C. § 3553(a). Villa pleaded guilty to a conspiracy to possess with intent to distribute five hundred grams or more of methamphetamine. She was held accountable for 200 kilograms of methamphetamine. Doc. 227-1 at 8, ¶30. And for at least a month, Villa took over leadership of the multi-state methamphetamine operation. *See id.* at ¶32. She utilized at least five coconspirators who operated as her couriers, in addition to her own son, who was 17 then. *See id.*

This was a serious offense. And Villa's release date is not until August 10, 2032. Sentence reductions under § 3582(c)(1)(A)(i) are generally reserved for defendants that have served "the lion's share of their sentences." *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Thus, releasing Villa now would not "reflect the seriousness of the offense," "promote respect for the rule of law," or "provide just punishment for the offense." *See* 18 U.S.C. § 3553(a).

### 2. Villa is not entitled to court-appointed counsel.

Villa also seeks court-appointed counsel.[2] Docs. 766, 778. The motions are denied. There is no right to court-appointed counsel for purposes of bringing motions for sentence reduction

---

[2] One of the motions for court-appointed counsel, Doc. 778, contains additional motions for compassionate release premised on the grounds discussed above. As explained, Villa is not entitled to a compassionate release. Villa also again seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. *Id.* at 13-23. But the Court already denied Villa's request for a sentence reduction under Amendment 821. *See* Doc. 755, *aff'd United States v.*

under § 3582(c). *United States v. Fuentes*, 2025 WL 510334, at *2 (N.D. Tex. Feb. 14, 2025) (collecting cases).

Nonetheless, the Court has discretion to appoint counsel when it determines that the "interest of justice" requires it. *Id.* But here, Villa's claims are straightforward and, as discussed, meritless. Court-appointed counsel would not help the Court decide Villa's motions. Villa is not entitled to court-appointed counsel.

3.    <u>Villa's motion for an order directing the production of her "post-rehabilitation" documents is denied</u>.

Villa seeks a Court order directing the Government to produce her "post-rehabilitation" documents in support of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. Doc. 767. But, as noted, the Court already determined that Villa is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* Doc. 755, *aff'd United States v. Villa*, No. 24-10013 (5th Cir. Feb. 21, 2025). Accordingly, her motion to obtain "post-rehabilitation" documents is denied.

## Conclusion

Defendant Maria Lilia Villa's (1) motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A), (2) motions for court-appointed counsel, and (3) motion for an order directing the Government to procure Villa's "post-rehabilitation" documents in support of a 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 821 (Docs. 766, 767, 771, 778) are **denied.**

**It is so ordered** this 7th day of March, 2025.

---

*Villa*, No. 24-10013 (5th Cir. Feb. 21, 2025). She presents nothing in any of her pending motions to warrant reconsideration of that denial.

CHIEF UNITED STATES DISTRICT JUDGE
DAVID C. GODBEY